ZEAKE RANDLE v. THE STATE.

No. 8214. Decided January 23, 1924.

1.—Possessing Intoxicating Liquor—Purpose of Sale—Bills of Exception.

In the absence of a statement of facts this court is unable to estimate the merits of the bills of exception, as none of them contain matters which will enable the court to determine that the rulings were inaccurate or harmful.

2.—Same—Requested Charge—Practice on Appeal.

Where the requested charge with reference to reasonable doubt, etc., was fully covered by the main charge there was no error in refusing it.

Appeal from the District Court of Falls. Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of unlawful possession of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of one year. The facts are not before the court.

There are several bill of exception seeking to bring forward for review the action of the court in ruling upon the admission of evidence. In the absence of a statement of facts, this court is unable to estimate the merits of the bills, if any. None of them contain matters which would enable the court to determine that the rulings were inaccurate or harmful.

Two of the bills related to the refusal of the court to give special charges, both of which requested that the jury be instructed that as a predicate for conviction they must believe from the evidence beyond a reasonable doubt that the appellant possessed intoxicating liquor for the purpose of sale. They relate to a subject which is fully covered by the main charge.

There was no error in telling the jury that whisky was a known intoxicant.

The judgment is affirmed.

*Affirmed.*